IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-781

No. COA22-438

Filed 6 December 2022

Nash County, No. 15CVD662[1]

AALIYAH D. FRAZIER, Plaintiff,

v.

GARY KENNETH FRAZIER, JR., Defendant.

Appeal by Aaliyah D. Frazier[2] from order entered 7 December 2021 by Judge
Wayne S. Boyette in District Court, Nash County. Heard in the Court of Appeals 1
November 2022.

> *Dobson Law Firm, PLLC, by John W. Moss, for plaintiff-appellant.*
>
> *Etheridge, Hamlett & Murray, LLP, by J. Richard Hamlett, II, for defendant-*
> *appellee.*

STROUD, Chief Judge.

¶ 1      Plaintiff-mother appeals a custody order granting defendant-father sole legal
and physical custody of their child and granting Mother visitation. Mother did not
challenge any of the trial court's findings of fact but challenges only the trial court's

---

[1] The file number on the custody order in our record is illegible, as is much of the record.

[2] Aaliyah D. Frazier is noted as the plaintiff on the custody order on appeal and as the
defendant on her notice of appeal. We refer to her as the plaintiff, per the order.

determination it is in the child's best interest for Father to have sole legal and physical custody. Because the trial court made sufficient findings of fact to support its conclusions of law and did not abuse its discretion by granting sole legal and physical custody to Father, we affirm the trial court order.

## I.     Deficiencies in the Record on Appeal

Mother timely filed a notice of appeal from a December 2021 child custody order granting Father sole legal and physical custody of their child, with Mother having visitation. We first note what the record does not include, and then what it does include.

Our record does not contain a complaint, a required document on appeal: "The printed record in civil actions . . . shall contain . . . copies of the pleadings[.]" N.C.R. App. P. 9(a)(1)(d). Further, our record does not contain some of the motions addressed in the custody order on appeal. Nor does the record include the prior custody order which was being modified. "Plaintiff, as the appellant, bore the burden of ensuring that the record on appeal was complete, properly settled, in correct form, and filed." *Fox v. Fox*, 238 N.C. App. 336, 2022-NCCOA-334, ¶ 49 (citation, quotation marks, ellipses, and brackets omitted).

Unfortunately, Mother *did* include in the record confidential medical records of the child, confidential records of a child abuse investigation by Wake County Child Protective Services ("CPS") and the Nash County Department of Social Services

("DSS"), and records including voluminous personal identifying information of the child and the parties.[3] This Court has *sua sponte* sealed the record to protect the personal identifying information and confidential medical information of the child to the extent we can.

Under Rule 42 of the North Carolina Rules of Appellate Procedure, documents in certain types of cases are sealed by operation of law to protect the identity and personal information of minor children. *See* N.C. R. App. P. 42. Rule 42 specifically applies to "appeals filed under" certain statutes:

> (b) *Items sealed by operation of rule.* By virtue of this subsection, items filed with the appellate courts are under seal in the following matters:
> (1) Appeals filed under N.C.G.S. § 7B-1001;
> (2) Appeals filed under N.C.G.S. § 7B-2602;
> (3) Appeals filed under N.C.G.S. § 7A-27 that involve a sexual offense committed against a minor; and
> (4) Cases in which the right to appeal under one of these statutes has been lost.
> In briefs, motions, and petitions filed in these matters, counsel must use initials or a pseudonym instead of the minor's name. Counsel for each party must agree on the initials or pseudonym and must include a stipulation that evidences this agreement in the record on appeal.
> (c) *Items sealed by appellate courts.* If an item was not sealed in the trial tribunal or by operation of rule, then counsel may move the appellate court to seal that item. Items subject to a motion to seal will be held under seal pending the appellate court's disposition of the motion.

---

[3] The parties did not use the minor child's name in their briefs.

*Id.*

¶ 6     N.C. Gen. Stat. § 7B-1001 addresses appeals filed in abuse, neglect, or dependency proceedings under Chapter 7B, Subchapter I.  N.C. Gen. Stat. § 7B-2602 addresses appeals filed in cases dealing with undisciplined and delinquent juveniles under Chapter 7B, Subchapter II.  N.C. Gen. Stat. § 7A-27 governs appeals of right from the courts of the trial divisions in other types of cases, but Rule 42(b)(3), limits its application to appeals "involv[ing] a sexual offense committed against a minor." *Id.*

¶ 7     If the CPS and DSS investigations of alleged abuse of the minor child here had resulted in the filing of a petition and an appeal from an order ruling on the petition, the medical records and CPS and DSS records filed by Mother in this record on appeal would have been sealed by operation of law under Rule 42(b)(1), as the appeal would have been "filed under" N.C. Gen. Stat. § 7B-1001(a).  *See id.*  But neither CPS nor DSS substantiated Mother's claims of sexual abuse of the child; and no petition alleging abuse, neglect, or dependency was filed.  The trial court's order on appeal specifically rejects the claim of sexual abuse.  The trial court found that "the child stated to Nash DSS that she had previously lied when she said she was sexually assaulted and that she had lied because her mother had told her to lie." But the fact that the child was *not* sexually abused does not change anything about the need to protect the child's confidential medical information or her personal identifying

information.

¶ 8        Rule 42 unfortunately does not cover cases like this one, where there has been an investigation of alleged sexual abuse, *but* the investigation does not find any grounds to substantiate the claim or take further action. *See generally id.* Here, the parties simply used the minor child's medical records and records from the CPS and DSS investigations--which would have been protected if the claims of sexual abuse were substantiated – in the Chapter 50 custody case and then in the record on appeal. Thus, Mother was not *technically* required by Rule 42 to file the child's confidential medical and investigatory records under seal in this appeal, an appeal under N.C. Gen. Stat. § 7A-27, as this appeal does *not* involve "a sexual offense committed against a minor[.]" *Id.* Instead, it involves an *unfounded allegation* of a sexual offense against a minor. But the public dissemination of sensitive information in the investigatory and medical records of the minor child may be no less harmful to the child where the allegations of sexual abuse were unfounded than if they were grounded in fact.

¶ 9        Despite this loophole in Rule 42, we encourage parents, trial courts, and counsel involved in child custody proceedings to be keenly aware of the need to protect the confidentiality of minor children who are the innocent and unfortunate victims of disputes between their parents or caregivers. Unless the record, or portions of the record, is sealed, all the information in records filed with the Court of Appeals is

available online and disclosure of this sort of personal information of a minor child can result in direct harm to the minor child. There is simply no good reason to have a minor child's confidential medical records and personal identifying information placed on the permanent public record, available online to the entire world.

## II.    Best Interests of the Child

¶ 10        Despite the deficiencies in the record on appeal, we can review Mother's argument because she contends only that the trial court abused its discretion in granting sole custody to Father. The custody order on appeal contains 40 findings of fact, and Mother did not challenge any of these findings on appeal.   Mother even notes she "does not argue that the trial court order lacks findings of fact to support a change in circumstances[,]" so she does not challenge the trial court's modification of the prior custody order based upon a substantial change in circumstances affecting the best interests of the minor child.

¶ 11        "A trial court's unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." *Mussa v. Palmer-Mussa*, 366 N.C. 185, 191, 731 S.E.2d 404, 409 (2012) (citation, quotation marks, and brackets omitted). The only challenge on appeal is the trial court's determination that it was in the child's best interests for Father to have sole legal and physical custody of the child, with Mother having visitation.

As long as there is competent evidence to support the

> trial court's findings, its determination as to the child's best interests cannot be upset absent a manifest abuse of discretion. Under an abuse of discretion standard, we must determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision.

*Stephens v. Stephens*, 213 N.C. App. 495, 503, 715 S.E.2d 168, 174 (2011) (citations and quotation marks omitted).

¶ 12    Mother contends the trial court should have made additional findings of fact regarding various factors, such as "the quality of education at Wake County Public Schools versus Nash County Public Schools" and "the suitability of each parent to provide for the child's needs, the child's preferences, or the emotional or physical health of the child." But the trial court has the discretion to weigh the evidence and to determine which factors are most important in each case, and the trial court need not make detailed evidentiary findings as to every aspect of the child's life. *See generally id.* The question for this Court is simply whether the findings of fact are sufficient to show the trial court made a reasoned decision as to the child's best interests, and thus did not abuse its discretion. *See generally id.*

¶ 13    The binding findings of fact establish Mother reported Father's wife had allowed the child to be sexually abused, but DSS found "no evidence of abuse[;]" the child's therapist testified "she had no concerns" regarding the child being cared for while in Father's custody; and Mother repeatedly interfered when a social worker

from CPS attempted to interview the child. Ultimately, the child stated, "she had lied because her mother had told her to lie." Further, the trial court found the parents were not able to jointly co-parent the child. Based upon the unchallenged findings of fact, we cannot determine the trial court's decision to grant Father sole legal and physical custody was "manifestly unsupported by reason[.]" *Id.*

We therefore affirm the custody order.

AFFIRMED.

Judges HAMPSON and JACKSON concur.